CHARLES WHITE, PROSECUTOR, v. THE TOWNSHIP OF
LAKEWOOD, A MUNICIPAL CORPORATION OF THE
STATE OF NEW JERSEY, DEFENDANT.

Argued October 5, 1943—Decided March 2, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the prosecutor, *Milton Miller*.

For the respondent, *J. Elmer Matthews*.

The opinion of the court was delivered by

COLIE, J. *Certiorari* was allowed to review the action of
the township committee of Lakewood in repealing two ordi-
nances, one creating the office of recorder in the Township
of Lakewood, the other amending an ordinance fixing the
compensation to be paid the recorder. Eight reasons for
reversal were filed but, as prosecutor states in his brief, "the
meritorious question is whether or not the action of the town-
ship committee was taken in bad faith."

Charles White, the prosecutor, was appointed to the office
of recorder on June 25th, 1942, for a term of three years.
At the general election in November, 1942, Dr. Luke Johnson
and Mr. Charles E. Miller were elected to the township com-
mittee, replacing two former committeemen. On February
4th, 1943, the repealing ordinances were passed by the affirma-
tive vote of three committeemen, the fourth member not
voting.

To establish that the ordinances abolishing the office were
passed in bad faith, the prosecutor produced one Thomas

Malone who testified to a conversation with Mr. Curtis, one of the committeemen, in which the latter said that the recorder would be removed because he had worked against him (Mr. Curtis) in the election. Mr. Curtis denied that the abolition of the office of recorder was motivated by political reasons and gave as his reason for voting to abolish the office the defeat, in 1938, by a two to one vote, of a proposal to establish a recorder's court in Lakewood at an annual salary of $1,200.

Prosecutor testified to a conversation with Dr. Johnson in which the latter is alleged to have said, "You went out and worked against us and you must go. We have our own friends to take care of." Dr. Johnson denied having made such a statement and stated that his reason for voting to repeal the ordinance creating the office of recorder was because of the vote at the general election in 1938 and because he knew that public opinion was against having a recorder's court.

There is a presumption in favor of the good faith of a governing body and the proof to establish the contrary must be clear and convincing. *Buckley* v. *Guttenberg*, 87 *N. J. L.* 434. The proof in the instant case falls short of the required standard. The writ is dismissed, with costs.